**Marion KUSEK**

v.

**The FAMILY CIRCLE, INC.**

**Civil A. No. 94–30237–MAP.**

United States District Court,
D. Massachusetts.

March 12, 1996.

---

Marion Kusek, Ludlow, MA, pro se.

Arthur F. Dionne, Philmore H. Colburn, II, Fishman, Dionne & Cantor, Windsor, CT, and Adam Liptak, the New York Times Company, New York City, for defendant.

## MEMORANDUM REGARDING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

(Docket No. 43)

PONSOR, District Judge.

### I. INTRODUCTION

Defendant The Family Circle, Inc. ("Family Circle") has filed a renewed motion for summary judgment against plaintiff Marion Kusek ("Kusek") on her remaining claim in this suit. This memorandum will address Family Circle's motion.

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see generally McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir.1995). A "genuine" issue is one as to which reasonable minds may differ, and a "material" fact is one which may affect the outcome of the suit under governing law. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the moving party meets this burden, then the nonmoving party must go beyond the pleadings and adduce sufficient evidence to establish a genuine issue for trial. The court must view all the evidence in the light most favorable to the nonmoving party; however, the nonmoving party may not rest on "conclusory allegations, improbable inferences, and unsupported speculation." Medina–Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990).

### III. FACTUAL BACKGROUND

Magistrate Judge Kenneth P. Neiman thoroughly reviewed the relevant, undisputed facts in a previous report to this court. See Report and Recommendation Regarding Defendant's Motion for Summary Judgment and Defendant's Motion to Dismiss (D.Mass. June 28, 1995). The following is an abbreviated version of the facts for purposes of this motion.

In 1986, plaintiff began to write and sell cookbooks featuring her special "Speed Cooking" system, which carried a corresponding trademark notation. The mark was not registered. In or about June 1988, Family Circle conducted an interview with Kusek, exploring a possible story about her and the "Speed Cooking" system for its magazine. Subsequently, in its March 13 and September 25, 1990 issues, Family Circle featured articles on "Speed Cooking"—and, in the March 13 issue, also displayed a logo similar to one used by plaintiff in her cookbooks. Neither article mentioned Kusek, her cookbooks, or her contribution to the "Speed Cooking" method.

The September 25, 1990 issue of Family Circle, the last issue to feature the "Speed Cooking" language, bore an "on sale" date of September 4, 1990 and an "off sale" or "pull" date of September 25, 1990. The "on sale" date refers to the day on which an issue should be displayed for retail sale, and the "off sale" date refers to the day on which the issue should be removed and replaced with the most recent issue. The September 25, 1990 issue's replacement—the October 16, 1990 issue—bore an "on sale" date of September 25, 1990 and an "off sale" date of October 16, 1990.

Following the publication of the March 13, 1990 issue, Kusek and Family Circle began an exchange of letters regarding the magazine's use of the "Speed Cooking" language. Kusek demanded that the magazine stop all use of her "trademark." In response, Family Circle told Kusek that she held no trademark on the language, and, to make matters worse for plaintiff, that it had applied for trademark registration of the "Speed Cooking" language.

In July 1992, Kusek's counsel wrote to Family Circle, charging the magazine with trademark infringement and a violation of the Massachusetts consumer protection statute, Mass.Gen.L. ch. 93A. In August 1992,

Family Circle's counsel wrote back denying the charges and proposing a licensing agreement to accommodate plaintiff's use of the mark. Defendant's counsel wrote to Kusek again, in July 1993, stressing, *inter alia,* that before publishing the March 13, 1990 issue, Family Circle had no knowledge of plaintiff's cookbooks and that plaintiff held no trademark rights in the "Speed Cooking" language.

On June 27, 1994, after settlement discussions had tapered off, Family Circle filed a request for voluntary cancellation of its trademark registration, which the U.S. Patent and Trademark Office allowed on September 27, 1994.

Plaintiff filed this action against defendant on October 18, 1994, alleging trademark infringement and a violation of ch. 93A. On July 17, 1995, this court entered summary judgment against plaintiff on her infringement claim, and dismissed six additional claims in her amended complaint. Plaintiff's ch. 93A claim remains her sole cause of action in this suit.

## IV. DISCUSSION

Defendant's renewed motion for summary judgment alleges plaintiff's failure to file her ch. 93A claim within the four-year statute of limitations. The issue here is simply whether Kusek filed her claim before the statute of limitations expired.

As a preliminary matter, the court must determine the date from which the limitations period is to be measured. This court previously indicated that the statute would begin to run when the September 25, 1990 issue of Family Circle—the last issue featuring the "Speed Cooking" language—was "uniformly removed from the shelves and unavailable to the public." *See* Report and Recommendation, at 24. Defendant argues, however, that the limitations period should be measured from the date on which the magazine was first distributed for sale. *Cf. Haberman v. Hustler Magazine, Inc.,* 626 F.Supp. 201, 216 (D.Mass.1986) (using publication date of magazine to determine whether amendment to ch. 93A applies to defendant magazine publisher).

Plaintiff's ch. 93A claim does not satisfy either test. The "on sale" date for the September 18, 1990 issue was September 4, 1990. Plaintiff filed her claim on October 18, 1994. Therefore, using defendant's proposed "single publication" test, plaintiff filed her claim about six weeks after the statute of limitations expired.

The "uniform removal" test also pushes plaintiff's claim outside the four-year limitations period. The "off sale" date for the September 25, 1990 issue of Family Circle was September 25, 1990. On or about that date, vendors began to replace the September 25, 1990 issue of the magazine with the October 16, 1990 issue. By October 17, 1990, four years and one day before plaintiff filed suit, the next issue of Family Circle (the November 6, 1990 issue) was already on sale. Thus, Family Circle had already published its second subsequent "non-infringing" issue four years and a day before plaintiff commenced her lawsuit.

No reasonable person could conclude that the September 25, 1990 issue was still available for retail sale on October 18, 1990, or, in other words, four years before plaintiff filed her ch. 93A claim. Plaintiff valiantly attacks defendant's knowledge of the magazine distribution business and dismisses its "on sale" and "off sale" schedules as mere guidelines for vendors. Her arguments are unpersuasive. Given the vendor's obvious incentive to keep its stock of magazines current, plaintiff's unsubstantiated claim that the September 25, 1990 issue might still be available to the public on October 18, 1990 is too speculative to carry her burden on summary judgment.

In the face of the uncontroverted evidence, plaintiff can do no more than ask the court to apply a rule demanding the *absolute* unavailability of the September 25, 1990 issue in order for the statute of limitations to take effect. The court is unwilling to adopt such a rule, as it would effectively negate the very reason for having a statute of limitations in the first place.

In sum, the court concludes that the statute of limitations on plaintiff's ch. 93A claim expired before she filed suit.

### V. *CONCLUSION*

For the foregoing reasons, defendant's renewed motion for summary judgment is hereby ALLOWED. Since this is plaintiff's sole remaining claim, the clerk is ordered to enter judgment for defendant on all counts.